IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

COREY ALLAN DONALDSON,

       Plaintiff,

       v.

TONY NORMAND,

       Defendant.

CIVIL ACTION NO.: 5:18-cv-7

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, a former federal prisoner now residing in Australia, filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), concerning certain events that occurred while he was incarcerated at D. Ray James Correctional Facility ("D. Ray James") in Folkston, Georgia. Defendant Normand filed a Motion to Dismiss, to which Plaintiff filed a Response. Docs. 65, 67. Plaintiff also filed a series of other motions: Motion for Emergency Summary Judgment, doc. 62; Motion to Consider Facts in the Interest of Justice, doc. 82, Motion for Court Documents, Codes, Rules, and Docket, doc. 84; and two Motions to Strike various responses by Defendant, docs. 85, 87. For the reasons which follow, I **RECOMMEND** the Court **GRANT in part** and **DENY in part** Defendant's Motion to Dismiss, **DENY** Plaintiff's Motion for Summary Judgment, and **DISMISS** Plaintiff's Complaint for his failure to allege a physical injury. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff *in forma pauperis* status on appeal. The Court **DENIES** Plaintiff's remaining Motions.

**BACKGROUND**

In February of 2015, while incarcerated at D. Ray James, Plaintiff allegedly engaged in a hunger strike to protest conditions at the prison. Doc. 18 at 4–7. Plaintiff claims that various individuals and the company running the prison, GEO Group, Inc. ("GEO"), retaliated against him for engaging in the hunger strike. Id. Specifically, Plaintiff alleges Defendant Tony Normand, an employee of the Bureau of Prisons, conspired with GEO officials, including former Defendants Tracy Johns and Brick Tripp, the wardens of D. Ray James and Rivers Correctional Institution ("Rivers CI"), respectively, to obstruct and destroy his mail, deprive him of access to grievance procedures, and transfer him to Rivers CI as punishment for his hunger strike. Id.

Plaintiff filed this action on November 21, 2016, in the United States District Court for the Eastern District of North Carolina. Doc. 1. In his initial Complaint, Plaintiff asserted various Bivens claims and a claim under the Federal Tort Claims Act ("FTCA") against GEO, Tracy Johns, Brick Tripp, and Tony Normand.[1] Id. at 1. At that time, Plaintiff was still incarcerated at Rivers CI, a private prison operated by GEO, located in Winton, North Carolina.[2] Id.

The District Court for the Eastern District of North Carolina granted Plaintiff *in forma pauperis* status and granted Plaintiff leave to amend his complaint. Docs. 5, 17. Plaintiff amended his complaint, removed his FTCA claim, and reiterated the above-described allegations. Docs. 18, 19. Following a mandatory frivolity review of Plaintiff's complaint, the court dismissed GEO because it is a private corporation and is, therefore, exempt from suit under

---

[1] Plaintiff mistakenly identified Defendant as "Tony Norman" in his initial Complaint. The docket was amended to correctly identify Defendant as Tony Normand pursuant to an Order dated February 1, 2018. Doc. 54.

[2] As of August 9, 2018, Plaintiff is no longer in federal custody and has been deported to Australia. Doc. 93.

Bivens.[3]  Doc. 20.  On August 7, 2017, Tracy Johns and Brick Tripp filed their answers, as well as a motion for judgment on the pleadings, arguing that, as employees of GEO, their actions are not subject to liability under Bivens.  Docs. 29, 30.  On September 11, 2017, Tony Normand filed a motion to dismiss, asserting that Plaintiff failed to exhaust his administrative remedies prior to filing his claim and that venue in the Eastern District of North Carolina was improper.  Docs. 36, 37, 38.  Plaintiff filed responses to Defendants' motions and his own motions seeking to prevent the Department of Justice from representing Defendant Normand and to have Defendants Normand, Brick, and Tripp "Divest Themselves of All Interest" in GEO.  Docs. 42, 48.

On February 2, 2018, the Honorable Terrence W. Boyle of the Eastern District of North Carolina issued an order addressing all then-pending motions.  Doc. 54.  Judge Boyle granted Defendants Johns and Tripp's motion for judgment on the pleadings.  The District Court relied on clear precedent from the United States Supreme Court declining to extend liability under Bivens to private prisons or their employees.  Id. at 3–4 (citing Minneci v. Pollard, 565 U.S. 118,130 (2012), and Corr. Services Corp. v. Malesko, 534 U.S. 61 (2001)).  Judge Boyle then found that the Southern District of Georgia was a more convenient forum for the case and granted Defendant Normand's motion to the extent he requested a transfer but denied the remainder of the motion without prejudice.  Id. at 5.  Finally, Judge Boyle denied the remainder of Plaintiff's motions as having no basis in law.  Id. at 6.  Thus, after Judge Boyle's rulings and the transfer to this Court, only Plaintiff's Bivens claim against Defendant Normand remained pending.

---

[3]  Plaintiff filed a motion to reconsider the dismissal of GEO, which was denied.  Docs. 22, 54.  Plaintiff filed other motions concerning GEO as well, all of which were denied.  Docs. 49, 50, 54.

Defendant Normand has now filed a Motion to Dismiss, arguing for dismissal on three grounds: (1) insufficient process and service of process; (2) failure to exhaust administrative remedies; and (3) failure to allege a physical injury. Doc. 65-1. Plaintiff filed a Motion for "Emergency Summary Judgment" against Defendant Normand, citing his status as an Australian citizen and a deportation order as a reason for urgency. Doc. 62. The parties have filed numerous responses and briefs regarding the Motion to Dismiss and Motion for Summary Judgment, and Defendant Normand has filed an answer. Docs. 67, 72, 76, 77, 78, 86. Plaintiff has additionally filed the following motions: Motion to Consider Facts in the Interest of Justice, doc. 82; Motion for Court Documents, Codes, Rules, and Docket, doc. 84; Motion to Strike Defendant's Answer, doc. 85; and Motion to Strike Defendant's Surreply to Defendant's Motion to Dismiss, doc. 87. The issues presented in the parties' various motions are now fully briefed and ripe for adjudication.

**DISCUSSION**

Defendant Normand moves for dismissal of Plaintiff's claims, and Plaintiff moves for summary judgment in his favor. As set forth below, I agree that Plaintiff fails to allege a physical injury, as required under 42 U.S.C. § 1997e(e), and **RECOMMEND** the Court **GRANT** Defendant's Motion to Dismiss on this basis. I also **RECOMMEND** the Court **DENY** Plaintiff's Motion for Summary Judgment. The Court **DENIES** Plaintiff's numerous other pending motions.

The Court addresses each of Plaintiff's non-dispositive motions before evaluating Defendant's Motion to Dismiss and Plaintiff's Motion for Summary Judgment.

## I. Plaintiff's Motion to Strike Defendant's Answer (Doc. 85)

Defendant Normand responded to Plaintiff's Complaint on September 11, 2017, by filing a motion to dismiss in lieu of answering. Doc. 36. On February 1, 2018, Judge Boyle granted Normand's motion in part, transferring the case to this District, but denying the motion without prejudice as to the remainder of the motion. Doc. 54. New counsel for Normand appeared in this Court on February 20, 2018, soon after the transfer. Doc. 59. However, no further response was filed by Normand until he filed his second Motion to Dismiss on April 13, 2018. Doc. 65. While that second Motion to Dismiss was pending, Normand filed his Answer on April 24, 2018. Doc. 72.

Plaintiff now moves the Court to strike Defendant's Answer, arguing that Defendant's Answer was untimely and an attempt to "sneak-in an original pleading." Doc. 85. Defendant responds that his Answer is not untimely because he was not required to file any answer, given his pending motion to dismiss, and that his Answer was simply filed "out of an abundance of caution." Doc. 88 at 1.

To resolve Plaintiff's Motion to Strike, it is necessary to evaluate Normand's obligations to respond to Plaintiff's Complaint and the timing of those obligations. Under Federal Rule of Civil Procedure 12(b), a defendant must raise certain defenses to a complaint by motion before answering the complaint, which is what Normand did when he filed his initial motion to dismiss. Because Normand moved to dismiss Plaintiff's claim under Rule 12(b), his time to answer Plaintiff's complaint was set by Rule 12(a)(4), which states:

> Unless the court sets a different time, serving a motion under this rule alters these periods as follows:
>
> **(A)** if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or

> **(B)** if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

Fed. R. Civ. P. 12(a)(4). Therefore, Normand was not required to file an answer until his initial motion to dismiss was resolved.

Judge Boyle's February 1, 2018 order granted Normand's initial motion to dismiss to the extent it requested transfer to this District but denied the remainder motion without prejudice. Doc. 54 at 6. Thus, under Rule 12(a)(4), Normand was required to file a responsive pleading within 14 days of Judge Boyle's ruling, or by February 15, 2018. Normand did not file his second motion to dismiss until April 13, 2018, and did not file his answer until April 24, 2018. Therefore, from February 15, 2018, to April 13, 2018, Normand had not filed a timely responsive pleading. Normand's status during this period—be it in default or otherwise—is unclear.[4] Regardless, once Normand filed his second Motion to Dismiss on April 13, 2018, under Rule 12(a)(4), he had no obligation to answer the Complaint until the Court ruled on the second Motion to Dismiss. Because he had no obligation to answer the Complaint once he filed his second Motion to Dismiss, Normand's Answer cannot be deemed untimely. Additionally, no

---

[4] Although Federal Rule 55(a) requires entry of default when a party fails to timely file a responsive pleading, Plaintiff has not moved for default in this case, no default has been entered, and Normand has filed his responsive pleadings, including his second Motion to Dismiss and answer. Further, Rule 55(c) permits the Court to "set aside an entry of default for good cause," and such cause exists here. As the Eleventh Circuit Court of Appeals has stated, "'[g]ood cause is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance.'" Compania Interamerican Exp.-Imp., S.A. v. Compania Dominicana De Aviacion, 88 F.3d 948, 951 (11th Cir. 1984) (quoting Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989)). Furthermore, default judgment is a drastic remedy, and courts prefer to resolve cases on the merits. Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985). In light of this authority and the facts presented, I find that good cause exists to excuse Defendant's failure to timely respond from February 15, 2018, to April 13, 2018. The transfer, the change in Normand's counsel, the denial without prejudice of Normand's initial motion to dismiss, and the short duration of the lack of timely response all cut in favor of excusing Normand's failure to timely respond. Therefore, I would recommend that any default that may have existed be set aside.

rule prohibits a party from filing an answer while a Rule 12(b) motion is pending, so Normand's answer cannot be deemed an improper attempt to "sneak-in an original pleading," as Plaintiff contends. Plaintiff has not asserted any basis for the Court to strike Normand's Answer, and, therefore, the Court **DENIES** Plaintiff's Motion to Strike Defendant's New Answer.

## II.     Plaintiff's Motion to Strike Defendant's Reply (Doc. 87)

Four briefs have been filed pertaining to Normand's second Motion to Dismiss: (1) Normand's opening brief, doc. 65-1; (2) Plaintiff's Response, doc. 67; (3) Normand's Reply, doc. 78; and (4) Plaintiff's "Motion to Oppose & Strike Defendants Opposition (DOC.78 etc.) to Motion to Dismiss Plaintiffs Complaint," [sic], doc. 87. In Plaintiff's final brief, doc. 87, he moves to strike Defendant Normand's reply brief, arguing that the Court should strike the brief because the arguments are untimely and without merit.[5] Doc. 87 at 1–2.

A motion to strike is not the appropriate tool to counter arguments raised in a reply brief. Federal Rule of Civil Procedure 12(f) provides, "The court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added). Pleadings are defined in Federal Rule of Civil Procedure 7(a) and do not include motions or supporting briefs. Chavez v. Credit Nation Auto Sales, Inc., 966 F. Supp. 2d 1335, 1344 (N.D. Ga. 2013) (citing Circle Group, LLC v. Se. Carpenters Reg'l Council, 836 F. Supp. 2d 1327, 1349 (N.D. Ga. 2011)). "However, the Court will consider the parties' arguments in support of their motions to strike as objections . . . and discuss where relevant." Chavez, 966 F. Supp. 2d at 1344.

---

[5]     In this brief, Plaintiff also reiterates his earlier arguments concerning the merits of Normand's Motion to Dismiss. Doc. 87 at 2–5. In this regard, Plaintiff's brief is essentially a surreply. Surreplies are generally disfavored, particularly where, as here, they simply reiterate arguments previously made in a party's response. Nonetheless, the Court has reviewed and considered Plaintiff's arguments in his most recent brief in evaluating Normand's Motion to Dismiss.

7

Because the Rules of Civil Procedure do not permit the Court to strike a brief in support of a motion, I **DENY** Plaintiff's Motion to Oppose and Strike Defendant's Opposition to Motion to Dismiss Plaintiff's Complaint, doc. 87.

### III. Plaintiff's Motion for Reconsideration (Doc. 82)

Plaintiff has filed a "Motion to Consider Facts in the Interest of Justice." Doc. 82. This Motion is a request for the Court to reconsider its April 25, 2018 Order, doc. 73, which denied Plaintiff's earlier motion for reconsideration of Judge Boyle's dismissal of claims against GEO.[6] Plaintiff has now filed three motions to reconsider the dismissal of GEO. Docs. 22, 57, 82.

Plaintiff asserts that the ruling of the North Carolina District Court was "clearly erroneous and would work a manifest injustice[,]" and should therefore be reconsidered by this Court. Doc. 82 at 1–2. The Court disagrees. This case falls squarely within the precedent of Correctional Services Corp. v. Malesko, 534 U.S. 61 (2001). GEO is a private entity and is not subject to suit under Bivens. The Court discerns no reason to grant Plaintiff's most recent Motion for Reconsideration. Therefore, I **DENY** Plaintiff's "Motion to Consider Facts in the Interests of Justice," which the Court construes as a Motion for Reconsideration.

### IV. Plaintiff's Motion for Court Documents, Codes, Rules, and Docket, (Doc. 84), and Notice of Change of Address and Motion for Filing Extensions (Doc. 93)

Plaintiff has moved the Court to direct the Clerk of Court to send him a copy of the docket, free of charge, and to do so each time a new entry is made on the docket of this case.

---

[6] "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381–82). Consequently, the Court construes Plaintiff's Motion as a Motion for Reconsideration.

8

Doc. 84. Plaintiff also moves the Court to grant him an automatic 40-day extension on all filing deadlines, given that he now resides in Australia.[7] Doc. 93.

Plaintiff was granted leave to proceed *in forma pauperis*. Doc. 5. The Clerk of Court provided Plaintiff a courtesy copy of the docket on August 9, 2018. The Court sees no need to grant Plaintiff any further relief regarding docket access. Nor does the Court find it appropriate to grant Plaintiff a blanket filing extension. A party is not entitled to a blanket extension simply because he lives abroad. If Plaintiff feels he requires more time to respond to a particular order or motion, he is free to request an extension of time for that particular response. Thus, I **DENY** Plaintiff's Motion for Court Documents, Codes, Rules, and Docket, doc. 84, and Plaintiff's Motion for Filing Extensions, doc. 93.

## V. Defendant's Motion to Dismiss (Doc. 65)

Defendant moves this Court to dismiss Plaintiff's complaint on three grounds: (1) insufficient process and service of process under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5); (2) failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"); and (3) failure to allege a physical injury, as required by the PLRA.[8] Doc. 65. The Court will address each argument in turn. As discussed below, I agree that

---

[7] This motion was contained in a notice of change of address and was not docketed as requiring an order. However, the Court chooses to rule on this filing as a motion.

[8] Plaintiff argues Defendant is barred from filing any motion to dismiss now because he previously filed a motion to dismiss in the Eastern District of North Carolina. Doc. 67 at 2. The Court notes the previous motion was denied *without* prejudice absent a ruling on the merits of the motion. Accordingly, Defendant is free to raise those arguments again, along with any other basis for dismissal permitted under Rule 12(h)(2). Furthermore, to the extent Plaintiff argues Defendant's Motion to Dismiss is untimely due to his failure to file an answer, Rule 12(b) provides that "a motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Defendant did not file an answer until after his Motion to Dismiss; thus, the Motion is timely.

9

Plaintiff has failed to allege a physical injury required to support his claim for punitive damages, and consequently, I **RECOMMEND** the Court **GRANT** Defendant's Motion to Dismiss.

### A.     Insufficient Process and Service of Process

Defendant argues that, because he was incorrectly identified as Tony Norman, his name was incorrectly listed on the summons and, therefore, he was never properly served. Doc. 65-1 at 5–6. Defendant also contends Plaintiff's service of the summons and Complaint by certified mail to D. Ray James is insufficient to satisfy Federal Rule of Civil Procedure 4. Id. The Court need not reach the merits of these arguments. In both his reply brief and his Motion to Strike, Plaintiff asserts Defendant is prohibited from making this argument, as he failed to raise it with his initial motion to dismiss. The Court agrees.

Rule 12(h)(1) of the Federal Rules of Civil Procedure states, "A party waives any defense listed in Rule 12(b)(2)-(5) by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2)." Rule 12(g)(2) provides: "Except as provided in 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Motions to dismiss for insufficient process and insufficient service of process are made pursuant to Rules 12(b)(4) and 12(b)(5) and are waived if omitted from a previous motion to dismiss. Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990). "[A] party is deemed to have waived any objection to personal jurisdiction or service of process if the party makes a pre-answer motion under Rule 12 and fails to include such objections in that motion." Id.

Defendant filed his initial motion to dismiss in the Eastern District of North Carolina on September 11, 2017. Doc. 36. This is well after Plaintiff purportedly served Defendant, and 98 days after Plaintiff filed his Amended Complaint on June 5, 2017. Doc. 18. Accordingly,

10

Defendant could have raised the defense of insufficient process and insufficient service of process when filing his first motion to dismiss. Despite this, Defendant argued for dismissal only on the grounds of Plaintiff's alleged failure to exhaust administrative remedies in his original motion to dismiss. Doc. 38. By omitting insufficient process and insufficient service of process from his motion, Defendant waived those arguments and cannot now raise them in the instant Motion to Dismiss. Thus, the Court should **DENY** this portion of Defendant's Motion.

### B. Failure to Exhaust Administrative Remedies

Defendant next argues that Plaintiff's claims should be dismissed because Plaintiff failed to exhaust all available administrative remedies. Defendant first raised this argument in the Eastern District of North Carolina, where it was not addressed. Defendant has not waived this argument and may raise the argument before this Court.

The PLRA bars prisoners from bringing suit with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). However, exhaustion is not required "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross v. Blake, 136 S. Ct. 1850, 1860 (2016).

In Turner v. Burnside, 541 F.3d 1079 (11th Cir. 2008), the Eleventh Circuit Court of Appeals set forth a "two-step process" that lower courts must employ when examining the issue of exhaustion of administrative remedies. First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, the plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept

all of plaintiff's facts as true. Id. As an affirmative defense, the defendant must show that a plaintiff failed to exhaust his administrative remedies. Id.

Under the Turner analysis, the Court must first assume that all of Plaintiff's factual statements are true. Of the injuries Plaintiff alleged in his Complaint, two were "[d]enial of grievance procedure and redress" and "[r]etaliation for expression of rights." Doc. 1 at 7. Plaintiff alleges he filed an informal grievance, but it was never answered, and he was denied access to further grievance procedures. Doc. 1-1 at 4–6. Plaintiff states he did not file a formal grievance relating to this event and explained his failure to do so by stating: "Either the grievance is not answered, or I am denied the grievance procedure altogether relating to the issues raised." Doc. 1 at 8. Plaintiff reiterates these assertions in his Amended Complaint, alleging that Defendant Normand and other prison officials deliberately deprived him of access to grievance procedures. Doc. 18 at 8, 10. Therefore, under the first step of the Turner analysis, Plaintiff is excused from exhaustion because he alleges that prison officials consistently thwarted his efforts to file grievances.

Turning to the second step of the Turner analysis, the Court may look to the facts and make an independent determination of the veracity of Plaintiff's claims. The record shows, and the parties agree, that Plaintiff successfully filed a grievance at Rivers CI following his transfer on an unrelated matter. Doc. 42 at 7–8. Defendant contends that this unrelated filing is proof that Plaintiff could have successfully filed a grievance regarding his alleged abuses. This, however, is not necessarily true. See Bryant v. Rich, 530 F.3d 1368, 1373 (11th Cir. 2008) (noting that the ability to file a grievance relating to one issue "does not necessarily refute" a plaintiff's allegations that he was denied access to grievance procedures to report other matters). Plaintiff states that he was not permitted to file grievances at D. Ray James alleging "federal

crimes," but was permitted to file a grievance at Rivers CI addressing a different subject. Doc. 42 at 7–8.

At this time, there are no additional facts to consider beyond the above-noted statements. The record is not sufficiently developed to allow the Court to make any further specific factual findings on disputed issues. Neither party has attached affidavits from third parties addressing Plaintiff's ability to file grievance procedures relating to this issue.[9] Therefore, based on the record before it, the Court accepts as true Plaintiff's allegation that the administrative remedies process was not available to him while he was housed at D. Ray James. Accordingly, I **RECOMMEND** the Court **DENY** this portion of Defendant's Motion, as he is not entitled to dismissal of Plaintiff's claims against him on this basis.[10]

### C. Failure to Allege a Physical Injury

Finally, Defendant asks the Court to dismiss Plaintiff's claim because Plaintiff has failed to allege a physical injury.[11] Doc. 65-1 at 9. Section 1997e(e) of Title 42 of the United States

---

[9] Defendant produced one declaration in support of his original motion to dismiss from Glenda Dykes, a Bureau of Prisons clerk, but this declaration addresses only Plaintiff's failure to file a grievance related to this matter, not his ability to do so or the availability of the administrative remedy process to him. Doc. 38-1.

[10] Should evidence later be produced that contradict Plaintiff's allegations, the Court may revisit this issue.

[11] Plaintiff argues Defendant Normand is barred from making this argument because Defendant failed to raise it in his initial motion to dismiss. Doc. 67 at 7. By arguing that Plaintiff failed to allege a physical injury, Defendant is arguing that Plaintiff failed to state a claim upon which relief can be granted—in other words, a Rule 12(b)(6) defense. See, e.g., Quinlan v. Pers. Transp. Servs. Co., 329 F. App'x 246, 248 (11th Cir. 2009). A Rule 12(b)(6) defense cannot be waived by failing to assert it in a particular motion. Fed. R. Civ. P. 12(h)(1). Rule 12(h)(2) expressly preserves the ability to make such arguments in any pleading, a Rule 12(c) motion, or at trial. As a result, where a party moves for dismissal for failure to state a claim and that motion could be subject to a timelines or consolidation challenge under Rule 12(h)(1), courts treat such motion as one for judgment on the pleadings under Rule 12(c). See Whitehurst v. Wal-Mart Stores E., L.P., 329 F. App'x 206, 208 (11th Cir. 2008) ("[T]he court may construe the Rule 12(b)(6) motion as one seeking judgment on the pleadings under Rule 12(c)[.]"); Bivens v. Roberts, No. 208CV026, 2009 WL 411527, at *1 n.3 (S.D. Ga. Feb. 18, 2009) ("[C]ourts thus treat a Rule 12(b) motion filed after a responsive pleading as a Rule 12(c) motion for judgment on the

Code provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." The Eleventh Circuit has established that this statute prohibits punitive damage claims where the plaintiff fails to meet the PLRA's physical injury requirement. Al-Amin v. Smith, 637 F.3d 1192, 1199 (11th Cir. 2011). Plaintiff makes clear that he seeks exclusively punitive damages in this case. Doc. 67 at 10 ("This plaintiff seeks exclusively punitive damages." (emphasis in original)). He also filed this action while still in prison and is subject to the physical injury requirement of the PLRA. See 42 U.S.C. § 1997(e) (requiring a showing of physical injury in suits *brought by* a confined prisoner) (emphasis added); Al-Amin v. Smith, 637 F.3d at 1194–95 (upholding district court's 2010 denial of compensatory and punitive damages when Plaintiff had filed suit in 2005 and was released from prison in 2007). Accordingly, if Plaintiff has failed to allege a physical injury, his claim for punitive damages must be dismissed.

Plaintiff asserts that his physical injury was his "kidnapping" and transport to Rivers CI without his consent after engaging in a hunger strike. Doc. 18 at 11–13, Doc. 87 at 3. Even assuming Plaintiff's transport against his will from one detention facility to another was a kidnapping, as defined in 18 U.S.C. §1201 (which is unlikely), Plaintiff has still failed to meet the injury requirement of the PLRA. A kidnapping itself is an act, not an injury. Plaintiff has failed to show evidence or allege that he suffered any physical injury because of his transport.

---

pleadings based on a failure to state a claim upon which relief may be granted[.]"); Jackson v. Williams Plant Servs., LLC, No. 1:06-CV-1087-RLV-AJB, 2008 WL 11322913, at *3 (N.D. Ga. Dec. 22, 2008), *report and recommendation adopted*, 2009 WL 10665798 (N.D. Ga. Jan. 21, 2009) (collecting cases). The substantive standards regarding Rule 12(b)(6) motions and Rule 12(c) motions are the same. Bivens, 2009 WL 411527, at *1 n.3. Accordingly, the Court should treat Defendant Normand's Motion as a Rule 12(c) motion for judgment on the pleadings, to the extent Defendant argues that Plaintiff fails to state a claim upon which relief may be granted in his Complaint.

Accordingly, Plaintiff's claim for punitive damages—the only damages Plaintiff seeks—is barred by the PLRA. Doc. 67 at 10 (confirming that Plaintiff "seeks exclusively punitive damages" (emphasis in original)).

Where there is no showing of physical injury, a plaintiff is not necessarily without relief. "No injury is required in a pleading for prospective equitable relief; only a threat of future injury is necessary." Harris v. Garner, 190 F.3d 1279, 1288 (11th Cir. 1999), *vacated in part on other grounds* by Harris v. Garner, 216 F.3d 970 (11th Cir. 2000). Plaintiff in this case did, in fact, request injunctive relief in his initial Complaint. Doc. 1 at 9. However, he did not request injunctive relief in his Amended Complaint and did not refer to or adopt his original Complaint. Doc. 18. Consequently, Plaintiff's Amended Complaint superseded his original Complaint. See Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."); Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading.").

Even if the Court were to liberally construe Plaintiff's Amended Complaint to request injunctive relief, Plaintiff has been deported to Australia and is no longer incarcerated in federal prison. Therefore, any request for injunctive relief would be moot. The United States Supreme Court has made clear that "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (citations omitted). Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades

v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). Plaintiff is no longer incarcerated in the United States; therefore, there is no live controversy for which the Court could grant meaningful injunctive relief, and the issue is moot.

In sum, Plaintiff explicitly requests only punitive damages and fails to allege a physical injury. The PLRA bars Plaintiff's sole remaining claim. Accordingly, I **RECOMMEND** the Court **GRANT** this portion of Defendant's Motion to Dismiss and **DISMISS without prejudice** Plaintiff's Complaint.

## VI. Plaintiff's Motion for Emergency Summary Judgment (Doc. 62)

Finally, Plaintiff moves this Court for Emergency Summary Judgment. Because I recommend that Defendant's Motion to Dismiss be granted, I recommend Plaintiff's Motion for Emergency Summary Judgment be denied as moot. However, even if Plaintiff's motion were not moot, I would still recommend that it be denied.

Plaintiff asserts that Defendant Normand does not dispute his liability because he failed to file an answer, or to the extent that Defendant Normand did file an answer, it should be struck. Doc. 62 at 2. Federal Rule of Civil Procedure 56(a) specifies the standard to be used by courts when granting summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Plaintiff has failed to carry this burden. Plaintiff must produce evidence showing there are no genuine disputes of fact, despite Defendant's denials. Plaintiff has failed to produce any evidence to meet this standard, as discovery has not yet begun in this case. Plaintiff argues that his deportation will prevent him from proceeding further in this case, but that argument has no bearing on the standard for

summary judgment. Despite his deportation, Plaintiff has been free to continue pursuing this case. Accordingly, Plaintiff is not entitled to summary judgment.

Because I recommend the Defendant's Motion to Dismiss be granted, I **RECOMMEND** Plaintiff's Motion for Emergency Summary Judgment be **DENIED as moot**.

### III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[12] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[12] A certificate of appealability is not required in this Bivens action.

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the foregoing reasons, I **RECOMMEND** the Court **GRANT in part** and **DENY in part** Defendant's Motion to Dismiss, **DISMISS** Plaintiff's Complaint, and **DENY** Plaintiff's Motion for Summary Judgement. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to appeal *in forma pauperis*. The Court **DENIES** all of Plaintiff's remaining Motions.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 27th day of February, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA