# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| COREY ALLEN DONALDSON, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 5:18-cv-7 |
| | * | |
| v. | * | |
| | * | |
| TONY NORMAND, | * | |
| | * | |
| Defendant. | * | |

## ORDER

Plaintiff is a former federal prisoner seeking punitive damages against Defendant for various alleged violations of his rights while incarcerated. Dkt. No. 18. On February 27, 2019, the Magistrate Judge authored a Report and Recommendation, recommending the Court grant Defendant's Motion to Dismiss, deny all other pending Motions, and dismiss Plaintiff's complaint for failing to allege a physical injury. Dkt. No. 97. On March 19, 2019, Plaintiff filed an Objection to the Magistrate Judge's Report and Recommendation. Dkt. No. 99.

For the reasons that follow, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the Order of this Court. The Court **GRANTS in part** and **DENIES in part** Defendant's Motion to Dismiss, **DENIES**

Plaintiff's Motion for Summary Judgment, and **DISMISSES** Plaintiff's Complaint. The Court **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENIES** Plaintiff leave to appeal in forma pauperis.

Plaintiff enumerates six specific objections to the Report and Recommendation, some of which are duplicative. Id. at pp. 2-5. The Court addresses these Objections in turn.

Plaintiff first objects that the Magistrate Judge either completely or partially ignored filings Plaintiff made after Plaintiff filed his "Motion for Emergency Summary Judgment" on April 13, 2018. Id. at p. 2. A review of the docket and Report and Recommendation shows that the Magistrate Judge duly considered all filings authored by Plaintiff to date. Contrary to Plaintiff's assertion, the first four items addressed in the Report and Recommendation are all motions Plaintiff filed after his Motion for Emergency Summary Judgment, dkt. no. 62. Dkt. No. 97, pp. 5-9. Plaintiff does not identify, and the Court unaware of, any filing which the Magistrate Judge failed to consider in his Report and Recommendation.

Plaintiff asserts in his next three Objections that the Magistrate Judge impermissibly considered untimely pleadings and filings by Defendant. Dkt. No. 99, pp. 2-4. These arguments are resurrected from Plaintiff's motions to strike, dkt. nos. 85, 87, and Plaintiff's Response to Defendant's Motion to

Dismiss, dkt. no. 67, which the Magistrate Judge duly considered and rejected. While Defendant's second Motion to Dismiss was arguably untimely, the Magistrate Judge correctly concluded that good cause exists to excuse Defendant's failure. Dkt. No. 97, p. 6, n.4. Indeed, Defendant filed his responsive pleading on April 13, 2018, dkt. no. 65, and complied with all deadlines after that date. As noted by the Magistrate Judge, Defendant's Answer was not untimely. Plaintiff's objections on these grounds are without merit.

In his fifth Objection, Plaintiff asserts that the Magistrate Judge did not properly evaluate Plaintiff's motion to reconsider the dismissal of former Defendants GEO, Johns, and Tripp. Dkt. No. 99, p. 4. The Magistrate Judge properly stated the legal standard for a Motion for Reconsideration and noted that the former Defendants were properly dismissed. This issue was first addressed by the North Carolina District Court on July 7, 2017. Dkt. No. 20. The factual allegations Plaintiff points to do not overcome controlling precedent from the United States Supreme Court holding that private corporations are not subject to suit under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Corr. Services Corp. v. Malesko, 534 U.S. 61, 74 (2001). Accordingly, these Defendants were properly dismissed.

AO 72A
(Rev. 8/82)

Plaintiff finally objects that he asserted sufficient injuries to sustain a claim for punitive damages under 42 U.S.C. § 1997e(e). Plaintiff reiterates the injuries asserted in his Complaint and other filings, dkt. nos. 18, 87, namely that he was denied access to his mail, "kidnapped," and deprived access to necessary hygiene items. Dkt. No. 99, pp. 4-5. These are alleged constitutional violations, but they are not alleged physical injuries. And, as the Magistrate Judge noted, these alleged injuries do not support a claim for punitive damages under § 1997e(e).

Having fully considered each of Plaintiff's Objections, the Court **OVERRULES** Plaintiff's Objections and concurs with and **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the Order of this Court. Accordingly, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion to Dismiss, **DISMISSES** Plaintiff's Complaint, and **DENIES** Plaintiff's Motion for Summary Judgment. The Court **DIRECTS** the Clerk of Court to **CLOSE** this Case and enter the appropriate judgment of dismissal. The Court **DENIES** Plaintiff leave to appeal *in forma pauperis*.

**SO ORDERED**, this 26 day of March, 2019.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4