[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11720
Non-Argument Calendar
_____

D.C. Docket No. 5:18-cv-00007-LGW-BWC

COREY ALLAN DONALDSON,

    Plaintiff - Appellant,

versus

GEO GROUP, INC., et.al.,

    Defendants,

TONY NORMAND,
Federal Agent (F.B.O.P.)

    Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(January 15, 2021)

Before NEWSOM, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Corey Donaldson appeals from the district court's order dismissing his *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S. Ct. 1999 (1971), action for failing to state a claim upon which relief could be granted. *See* Fed. R. Civ. P. 12(b)(6). Donaldson argues that the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, did not apply to his action because the injuries he suffered did not occur within a prison but occurred while authorities were transferring him to another prison facility. Donaldson also contends that even if the PLRA did apply, the constitutional injury he alleged was sufficient to satisfy the injury requirement of the PLRA. After a review of the record and reading the parties' briefs, we affirm the district court's order of dismissal.

## I.

Donaldson, proceeding *pro se*, filed an amended complaint in the U.S. District Court for the Eastern District of North Carolina against GEO Group, Inc., a private company that managed and operated correctional institutions, Tracy Johns, the warden of the D. Ray James prison in Georgia ("James prison"), Brick Tripp, the warden of the Rivers Correctional Facility in North Carolina ("the Rivers facility"), and Tony Normand ("Normand"), a Federal Bureau of Prisons employee stationed at the James prison. Donaldson initially asserted claims under *Bivens* and the Federal Tort Claims Act but withdrew the latter claim. Donaldson

alleged that he began a hunger strike because he believed that prison officials intercepted and destroyed his letter to the New York Stock Exchange in which he protested conditions at the James prison and complained about the GEO's management of the James prison.  Donaldson claimed that the defendants retaliated against him by kidnapping him, hogtying him in chains while he was in a weakened state due to his hunger strike, placing him in a van, and driving him to the Rivers facility in North Carolina.  Donaldson asserted four injuries: (1) unlawful kidnapping and trafficking; (2) destruction of legal mail; (3) deprivation of access to grievance procedures; and (4) mistreatment by authorities (hogtying) while in a medically fragile state and wrongful transportation.

The district court in North Carolina dismissed the case against the GEO Group, Tracy Johns, and Brick Tripp because neither a private corporation nor its employees are subject to suit under *Bivens*.  Normand filed his first motion to dismiss on the grounds that Donaldson had failed to exhaust his administrative remedies and venue was improper in the Eastern District of North Carolina.  The district court granted the motion as to improper venue but denied it without prejudice as to Donaldson's failure to exhaust.  On February 1, 2018, the district court then transferred the case to the Southern District of Georgia ("SDGA").

Donaldson immediately filed a motion asking the SDGA to reconsider the North Carolina district court's order dismissing the GEO Group, Tracy Johns, and

Brick Tripp.  Donaldson also filed a motion for summary judgment on the ground that Normand had not produced any admissible evidence disputing any of the allegations in Donaldson's amended complaint.  Later, Normand filed a second motion to dismiss on three grounds: insufficient service of process, failure to exhaust administrative remedies, and the failure to allege physical injury as required by the PLRA.  Donaldson responded by asserting that the second motion to dismiss was improper and untimely, and that the PLRA did not apply to his case because he was not confined in a correctional facility at the time the defendants transported him.  Donaldson claimed injury from the violation of his civil right not to be kidnapped, and he clarified that his amended complaint sought exclusively punitive damages.

A magistrate judge issued a report and recommendation ("R & R") recommending, in relevant part, that the district court deny Donaldson's motion for summary judgment, grant Normand's motion for dismissal in part, and dismiss the action for failure to allege a physical injury.  (R. Doc. 97.)  The magistrate judge concluded that good cause existed for the untimely filing of Normand's second motion to dismiss, and that Normand was allowed to file the motion to dismiss because the prior denial of the motion to dismiss by the district court in North Carolina was without prejudice.  The magistrate judge also concluded that Donaldson failed to allege a physical injury as required to support his claim for

4

exclusively punitive damages because kidnapping is an act, not an injury, and he did not allege that he suffered physical injury. (*Id.* at 14.) The magistrate judge also recommended that Donaldson's motion for summary judgment be denied because it would be moot if the motion to dismiss was granted, and because Donaldson failed to carry his burden of proving that there were no disputed material facts at issue. (*Id.* at 16–17.)

Donaldson filed objections to the R & R, mainly reiterating the same arguments and reasserting that he suffered injury when he was kidnapping and transported across state lines. The district court overruled his objections, adopted the R & R, granted, in part, Normand's motion to dismiss, denied Donaldson's motion for summary judgment as moot, and dismissed the case. (R. Doc. 100.)

## II.

This court reviews *de novo* the dismissal of a complaint for failure to state a claim. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). To survive dismissal under Rule 12(b)(6), a pleading must contain more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555, 127 S. Ct. at 1965. Dismissal for failure to state a claim is appropriate if the facts as pled fail "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation

omitted) (acknowledging plausibility standard rather than probability requirement). The PLRA applies to all federal civil actions brought by prisoners for injuries suffered while in custody, even if the incidents occurred outside prison walls. *Napier v. Preslicka*, 314 F.3d 528, 532–33 (11th Cir. 2002). Punitive damages are not available to prisoners under the PLRA absent the demonstration of physical injury that satisfies § 1997e(e)'s physical injury requirement, and this applies even to constitutional claims. *Al-Amin v. Smith*, 637 F.3d 1192, 1198–99 (11th Cir. 2011).

### III.

We conclude from the record that the district court did not err in dismissing Donaldson's complaint because it failed to state a claim upon which relief could be granted. The district court properly determined that the PLRA applied to Donaldson's claim because he was in custody during his prison transport, and his failure to allege a physical injury was fatal to his claim. *See Al-Amin*, 637 F.3d at 1198–99. Furthermore, we conclude from the record that the district court properly denied Donaldson's motion for summary judgment because it was moot in light of the district court's grant of Normand's motion to dismiss. Accordingly, based on the aforementioned reasons, we affirm the district court's order granting Normand's motion to dismiss and denying Donaldson's motion for summary judgment.

**AFFIRMED.**

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 15, 2021

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 19-11720-GG
Case Style: Corey Donaldson v. Tony Normand
District Court Docket No: 5:18-cv-00007-LGW-BWC

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joseph Caruso, GG at (404) 335-6177.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion