IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| COREY ALLAN DONALDSON, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CASE NO.: CV518-007 |
| TONY NORMAND, | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR CLARIFICATION ON DISCOVERY PROCEDURE**

COMES NOW Defendant Tony Normand ("Defendant") and seeks dismissal for Plaintiff's failure to comply with Local Rules, showing the Court as follows:

In February of 2018, this case was transferred from the Eastern District of North Carolina and was docketed in the Southern District of Georgia [Doc. 56]. At that time, Plaintiff Donaldson ("Plaintiff") was in custody at McRae Correctional Facility in McRae, Georgia [Doc. 57-1]. Shortly thereafter, Plaintiff entered a change of address with the Court, as he was released from BOP custody and transferred to the Stewart Detention Center in Lumpkin, Georgia to await deportation [Docs. 61; 37-1, Attachment 1].

After being deported to Australia, on August 9, 2018, Plaintiff changed his address with the Court to "Corey Donaldson – Pro Se, 14 Oak Ave., Longwarry, Victoria, Australia 3816", which is currently the contact address listed for Plaintiff on the docket [Doc. 93]. On March 26, 2019, the District Court adopted the Report and Recommendation of the Magistrate Judge and entered a Judgment of Dismissal

1

in the case [Docs. 100; 101].  However, the Court's attempt to serve the Order and Dismissal on Plaintiff at his address of "Corey Allan Donaldson, 14 Oak Avenue, Longwarry, Victoria, AU 3816" was, "Returned as Undeliverable – Return to sender – Not deliverable as addressed – Unable to forward."  [*See* docket entry, Doc. 103, April 11, 2019].  This invalid address remains the current address for Plaintiff on the docket, as of March 25, 2022 (the date of this filing), and is the last address Plaintiff has notified the Court to use for contact purposes.  In filing his Notice of Appeal in this case on May 2, 2019, Plaintiff did not include a current address, or any address, as part of his filing.  [Doc. 104].

On March 21, 2022, the mandate of the Court of Appeals for the Eleventh Circuit, which vacated and remanded the dismissal entered by this Court in March 2019, was made the Order of this Court [Doc. 115].  On March 24, 2022, the Court entered its Scheduling Order requiring, among other things, that the parties complete written discovery by May 6, 2022 [Doc. 116].

The Local Rules of this District are clear, "Each attorney and <u>pro se litigant has a continuing obligation to apprise the Court of any address change</u>."  *See* Local Rule 11.1 (emphasis added).  Further, pleadings are required to contain a complete address.  *Id.*  In the instant case, Plaintiff has failed to comply with the Local Rules of this Court by failing to apprise the Court of an address change and, as noted by the Court on its docket entry of April 11, 2019, Plaintiff's most recent updated address is invalid [*See* docket entry, Doc. 103, April 11, 2019].  Further, Plaintiff has filed pleadings with no address listed, such as his Notice of Appeal filed on May 2, 2019,

which is after the Court documented that the address on file with the Court was invalid [Doc. 104].

Because Plaintiff has not updated his address with the Court as required by the Local Rules, Defendant cannot comply with the Scheduling Order of the Court and complete written discovery by May 6, 2022, because Defendant cannot actually serve discovery on the Plaintiff. *See* Local Rule 26.5 and Fed. R. Civ. P. 5(b). This Court has held, "it is the Plaintiff's responsibility to ensure the Court has a proper mailing address and contact information." *Carter v. Georgia Dep't of Corr.*, No. 6:18-CV-67, 2019 WL 2317147, at *2 (S.D. Ga. May 29, 2019), *report and recommendation adopted,* No. 6:18-CV-67, 2019 WL 3504259 (S.D. Ga. Aug. 1, 2019). Further, in *Carter*, this Court held that it was appropriate to dismiss the case after Plaintiff's mail was returned to the Court as undeliverable. *Id.* The Eleventh Circuit has affirmed dismissals for failure to update the Court with an accurate mailing address. *See Gilbert v. Daniels*, 725 F. App'x 789, 791 (11th Cir. 2018).

Here, Defendant respectfully requests that this case be dismissed for Plaintiff's failure to comply with this Court's Local Rules, specifically Plaintiff's failure to provide the Court with a valid address and for filing pleadings with no address listed. Without a valid address, Defendant cannot serve discovery upon the Plaintiff or comply with the Court's current Scheduling Order.[1]

---

[1] Defendant is unaware as to whether the Scheduling Order, [Doc. 116], was served upon Plaintiff.

In the alternative, should the Court deny Defendant's Motion to Dismiss, Defendant seeks clarification from the Court as to the manner in which it should proceed with discovery after Plaintiff has been deported to Australia, without a valid mailing address having been updated with the Court since 2018, and with documents having been sent to the Plaintiff returned as undeliverable.

This the 25th day of March, 2022.

                                                                          Respectfully submitted,

                                                                          DAVID H. ESTES
                                                                          UNITED STATES ATTORNEY

                                                                          */s/ Jason W. Blanchard*
                                                                          Jason W. Blanchard
                                                                          Assistant United States Attorney
                                                                          Southern District of Georgia
                                                                          Georgia Bar No. 105620

Post Office Box 2017
Augusta, Georgia 30903
Telephone: (706) 724-0517

## **CERTIFICATE OF SERVICE**

This is to certify that I have on March 25, 2022, filed this document electronically with the Clerk of Court, in compliance with Fed. R. Civ. P. 5(b)(2)(D), because undersigned counsel is unaware of Plaintiff's mailing address.

    *s/ Jason W. Blanchard*
Jason W. Blanchard
Assistant United States Attorney