**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

| | |
|---|---|
| COREY ALLAN DONALDSON, | |
| Plaintiff, | CIVIL ACTION NO.: 5:18-cv-7 |
| v. | |
| TONY NORMAND, | |
| Defendant. | |

**O R D E R**

This matter comes before the Court on Plaintiff's Motion for Reconsideration of the Court's June 13, 2022 Order denying his request to file by email.  Doc. 132.  Plaintiff, who is proceeding pro se and lives in Australia, moves the Court to reconsider its previous Order denying his request for permission to file by email with the Court.  Id.

To successfully move the Court for reconsideration under Rule 59(e), the moving party must demonstrate: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.  Estate of Pidcock By and Through Pidcock v. Sunnyland Am., Inc., 726 F. Supp. 1322, 1333 (S.D. Ga. 1989).  To grant such a motion, the movant must "demonstrate why the court should reconsider its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  United States v. Battle, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003) (internal quotations and citations omitted).  The decision to grant a motion for reconsideration rests within the sound discretion of the district court.  Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab Servs., 225 F.3d 1208, 1216 (11th Cir. 2000).

Importantly, Rule 59(e) is not a means to "relitigate old matters, or to raise arguments or to present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008).  Instead, and as noted above, the movant must "demonstrate why the court should reconsider its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Battle, 272 F. Supp. 2d at 1357 (internal quotations and citations omitted).  Moreover, a motion for reconsideration is not an opportunity to instruct this Court on how it "could have done . . . better the first time." Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995) (procedural history and internal quotations omitted).

Plaintiff argues the Court should reconsider its previous Order based on new information. Doc. 132 at 1.  However, this information is not new and does not require the Court to reconsider its previous ruling.  For example, Plaintiff explains the Federal Rules of Civil Procedure permit, but do not require, courts to allow pro se litigants to file by email.  But Federal Rule of Civil Procedure 5(d)(3)(B) has not changed since Plaintiff filed his initial motion and, more importantly, it does not compel the Court to allow Plaintiff to file electronically.  Additionally, Plaintiff argues the prohibition on electronic filing caused him to miss a deadline, but he has not described any prejudice resulting from any missed deadline. Id. at 1–2.  Thus, this argument does not demonstrate the Court should reconsider its previous ruling.

Plaintiff's other arguments are equally unpersuasive and do not meet Rule 59(e)'s standard.  Plaintiff's arguments, such as that he has to pay money to mail filings and speculation he may be prejudiced by the prohibition on electronic filing filing, do not amount to new evidence.  Indeed, Plaintiff  could have made these arguments in his initial motion.  Even if Plaintiff had presented these arguments, the speculative nature of these arguments renders them

unpersuasive.  Simply put, Plaintiff's arguments do not offer any new facts previously undiscovered, bring to light an applicable change in the law, or demonstrate a need to correct clear error or prevent manifest injustice.  Therefore, Plaintiff's arguments are insufficient to induce the Court to reconsider its prior Order under Rule 59(e).  Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration.  Doc. 132.

   **SO ORDERED**, this 28th day of July, 2022.


_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA