IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| COREY ALLAN DONALDSON,<br><br>        Plaintiff,<br><br>  v.<br><br>TONY NORMAND,<br><br>        Defendant. | CIVIL ACTION NO.: 5:18-cv-7 |

**O R D E R**

This matter is before the Court on Plaintiff's Motion for Judgment on the Pleadings, doc. 143, and Defendant's Motion to Strike Plaintiff's Judgment on the Pleadings.[1] Doc. 149. On March 24, 2022, the Court issued a Scheduling Order. Doc. 116. That Order required all civil motions to be filed by August 1, 2022. Id. Plaintiff, who is proceeding pro se, filed his Motion for Judgment on the Pleadings on August 8, 2022. Defendant filed his Motion to Strike Plaintiff's Motion on August 22, 2022.

A court does not need to consider an untimely filed motion for judgment on the pleadings. Christmas v. Corizon Health Services, No. 8:17-cv-1183, 2021 WL 1821537, at *2 (M.D. Fla. Mar. 29, 2021) (collecting cases). Courts may strike motions under their inherent power to manage their dockets.[2] Fisher v. Whitlock, 784 F. App'x 711, 714–15 (11th Cir. 2019)

---

[1] Document Number 149 is a Motion to Strike, but it was docketed as a response to Plaintiff's Motion for Judgment on the Pleadings. I **DIRECT** the Clerk of Court to change the docket text of Document Number 149 to show it is, in fact, a motion to strike.

[2] Parties typically bring motions to strike under Federal Rule of Civil Procedure 12(f), which applies only to pleadings, not motions. See Fed. R. Civ. P. 7(a) (enumerating the documents defined as

(holding the district court enjoyed inherent power to strike a party's motion); Silva v. Swift, 333 F.R.D. 245, 248 n.2 (N.D. Fla. 2019) ("Of course, a court may strike pleadings and even motions pursuant to a federal court's inherent power . . . ."). Federal Rule of Civil Procedure 16(b)(4) provides a court-imposed deadline "may be modified . . . for good cause and with the judge's consent."

Here, Plaintiff fails to even attempt to demonstrate "good cause" to extend the deadline for dispositive motions. As Defendant points out, Plaintiff's other filings show Plaintiff was aware of the August 1, 2022 deadline, Plaintiff was capable of complying with the deadline, Plaintiff did not seek to extend the deadline, and Plaintiff offered no explanation for his untimely Motion. Doc. 149 at 2–3.

Plaintiff has not responded to Defendant's Motion to Strike. Under Local Rule 7.5, failure to respond within 14 days (September 6, 2022) rendered Defendant's Motion unopposed. The Court does not grant Defendant's Motion on this basis alone. However, Plaintiff has filed a response to a different motion to strike, doc. 151, which demonstrates Plaintiff had ample opportunity to address the instant Motion to Strike but failed to do so. To the extent Plaintiff is proceeding without counsel, it does not excuse the failure to meet the Court's deadlines. Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999) (holding the liberal construction pleading rules for pro se litigants does not equate with liberal deadlines).

Accordingly, the Court **GRANTS** Defendant's Motion, doc. 149, and **STRIKES**

---

"pleadings"); see also Whitney Info. Network, Inc. v. Weiss, No. 20:7-cv-112, 2008 WL 11334989 (M.D. Fla. Apr. 14, 2008) (holding Rule 12(f) cannot be invoked to strike a motion to dismiss). However, Defendant does not invoke Rule 12(f) in his Motion to Strike, and the Court here acts under its inherent power, not Rule 12(f).

2

Plaintiff's Motion for Judgment on the Pleadings.  Doc. 143.

**SO ORDERED**, this 28th day of September, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA