# 𝕴𝖓 𝖙𝖍𝖊 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕮𝖔𝖚𝖗𝖙
# 𝕱𝖔𝖗 𝖙𝖍𝖊 𝕾𝖔𝖚𝖙𝖍𝖊𝖗𝖓 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝖔𝖋 𝕲𝖊𝖔𝖗𝖌𝖎𝖆
# 𝖂𝖆𝖞𝖈𝖗𝖔𝖘𝖘 𝕯𝖎𝖛𝖎𝖘𝖎𝖔𝖓

| | | |
|---|---|---|
| COREY ALLAN DONALDSON, | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 5:18-cv-7 |
| v. | * | |
| TONY NORMAND, | * | |
| Defendant. | * | |

### ORDER

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's Order and Report and Recommendation dated February 8, 2023. Dkt. No. 167. Also before the Court is Plaintiff's Motion for Order to Show Cause. Dkt. No. 168. In the Report, the Magistrate Judge recommended the Court deny Plaintiff's Motion for Summary Judgment, deny Plaintiff's Motion to Grant Summary Judgment based on Federal Rule of Civil Procedure 56(e), and grant Defendant's motion to dismiss without prejudice Plaintiff's Amended Complaint because Plaintiff failed to exhaust his administrative remedies. For the reasons set forth below, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's

AO 72A
(Rev. 8/82)

Objections. The Court **DENIES** Plaintiff's Motion for Summary Judgment, **DENIES** Plaintiff's Motion to Grant Summary Judgment Based on Rule 56(e), **GRANTS** Defendant's Motion for Summary Judgment, construed as a Motion to Dismiss, **DISMISSES without prejudice** Plaintiff's Complaint, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal. Additionally, the Court **DENIES** Plaintiff's Motion to Show Cause.

## DISCUSSION

### I.  Plaintiff's Objections to the Report and Recommendation

Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation. Dkt. No. 169. Plaintiff also filed a "Notice of Abuse of Discretion and Clear Usurpation of Power," detailing various objections. Dkt. No. 170. The Court has considered the arguments in both documents and addresses all of them here.

The Magistrate Judge recommended the Court deny Plaintiff's Motion for Summary Judgment because Plaintiff's primary argument relied on a misinterpretation of a prior ruling by the Eleventh Circuit Court of Appeals in this case. Dkt. No. 167 at 3-5. The Magistrate Judge also determined Defendant's Answer was timely and procedurally proper, addressing another of Plaintiff's arguments. Id. at 5. As an additional basis for

denial, the Magistrate Judge detailed Plaintiff's failure to include any statement of material facts, as required by Rule. Id. at 5-7.

Plaintiff essentially makes three Objections to the denial of his motion for summary judgment.[1] Plaintiff repeats his argument the Eleventh Circuit directed judgment in his favor. Dkt. No. 169 at 2. Plaintiff repeats his assertion Defendant failed to file a sufficient Answer, resulting in Defendant making "judicial admissions" to Plaintiff's allegations or waiving Defendant's defenses. Id. at 1-2; Dkt. No. 170 at 1-2, 7-8. Plaintiff also argues the Magistrate Judge erred by finding Plaintiff's Motion for Summary Judgment procedurally deficient for lack of factual support and citations to the record. Dkt. No. 170 at 9-10.

As the Magistrate Judge explained, nothing about the Eleventh Circuit's mandate in this case requires the Court to grant judge in Plaintiff's favor. Dkt. No. 167 at 3-5. The Eleventh Circuit initially affirmed this Court's dismissal of Plaintiff's claims due to Plaintiff's failure to allege a physical injury but later remanded this case for further consideration in light of the decision in Hoever v. Marks, 993

---

[1] Plaintiff makes no discernable Objections specific to the denial of his Motion to Grant Summary Judgment based on Rule 56(e) (a separate motion from Plaintiff's Motion for Summary Judgment), and Plaintiff does not directly respond to the recommendation to grant Defendant's Motion for Summary Judgment.

3

F.3d 1353 (11th Cir. 2021), which held claims for punitive damages on constitutional claims can proceed even without a showing of a physical injury under 42 U.S.C. § 1997(e). Dkt. No. 112. The Magistrate Judge further considered Plaintiff's claims in this case and ultimately recommended dismissal on other grounds, namely, Plaintiff's failure to exhaust his administrative remedies. Dkt. No. 167 at 22. Plaintiff's arguments that the Eleventh Circuit directed judgment in his favor are wholly without merit.

The Magistrate Judge thoroughly explained the timeliness of Defendant's Answer under the Federal Rules. See Dkt. No. 97 at 5-7; Dkt. No. 167 at 5. The Magistrate Judge also explained Defendant admitted no material facts in his Answer. Dkt. No. 167 at 5. Plaintiff shows no "judicial admissions" by Defendant to the material facts. Plaintiff shows no waiver of any defenses by Defendant. Plaintiff's Objections are simply not responsive to the Magistrate Judge's Report and Recommendation.

Finally, the Magistrate Judge correctly concluded Plaintiff's failure to submit his Motion for Summary Judgment in accordance with the Local Rules warrants denial of Plaintiff's motion. Id. at 6-7. Plaintiff fails to demonstrate any reason why his Motion should not be denied for this reason.

Accordingly, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's recommendation to deny Plaintiff's

Motion for Summary Judgment, deny Plaintiff's Motion to Grant Summary Judgment under Rule 56(e), grant Defendant's Motion for Summary Judgment, and dismiss all of Plaintiff's claims for failure to exhaust his administrative remedies.

**II.  Plaintiff's Other Objections**

Plaintiff objects to the Magistrate Judge's Order ruling on various non-dispositive motions.  Plaintiff objects to the Magistrate Judge's Order granting Defendant's motion to strike Plaintiff's motion for judgment on the pleadings.  Dkt. No. 169 at 1; Dkt. No. 170 at 2-9.  Plaintiff also objects to the Magistrate Judge's Order denying Plaintiff's Motion to Strike based on Rule 5.  Dkt. No. 170 at 11-12.

When a magistrate judge rules on a non-dispositive pretrial matter, parties may object to that ruling and seek review from the district judge under Federal Rule of Civil Procedure 72(a).  Fed. R. Civ. P. 72(a).  "A party may serve and file objections to the order within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to."  In reviewing the magistrate judge's order, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Id.  The clearly erroneous or contrary to law standard "is exceedingly deferential."  Jackson v. Deen, CV 412-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2008) (citing Pigott v. Sanibel Dev., LLC,

5

CV 07-0083, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)). "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." Id. (citations omitted). "A decision by the magistrate judge is contrary to law where it either fails to follow or misapplies the applicable law." Id. (citations omitted).

Plaintiff argues the Magistrate Judge erroneously granted Defendant's motion to strike Plaintiff's untimely motion for judgment on the pleadings. Dkt. No. 170 at 2-9. Plaintiff argues, among other things, the motions deadline in the Scheduling Order was ambiguous, he should have been allowed to file documents electronically, and the docket initially identified Defendant's motion to strike as a response to Plaintiff's motion for judgment on the pleadings by mistake. Id.

Plaintiff's Objections to the Magistrate Judge's Order granting Defendant's motion to strike are untimely. The Magistrate Judge ruled on Defendant's motion to strike on September 28, 2022. Dkt. No. 152. Plaintiff's deadline for filing objections was 14 days later, on October 12, 2022. However, Plaintiff did not object until four months after the deadline on February 21, 2023. Dkt. Nos. 169, 170. Thus, the

Court will not consider Plaintiff's Objections to the Magistrate Judge's Order striking Plaintiff's motion for judgment on the pleadings.

Plaintiff filed a motion seeking reconsideration of the Court's Order striking Plaintiff's motion for judgment on the pleadings. Dkt. No. 156. The Magistrate Judge denied that motion. Dkt. No. 167 at 24-27. Plaintiff does not expressly discuss the denial of the motion for reconsideration, but to the extent Plaintiff objects to this denial of that motion, the objection is meritless. Plaintiff has not shown the Magistrate Judge's denial of his motion for reconsideration was clearly erroneous or contrary to law in any way.

Plaintiff also objects to the Magistrate Judge's Order denying Plaintiff's motion to strike based on Rule 5. Dkt. No. 170 at 11-12. Plaintiff repeats the same argument he made in his motion to strike, asserting there was no agreement for electronic service of documents between the parties. However, as the Magistrate Judge explained, the conduct and correspondences between the parties demonstrate Plaintiff expressly agreed to service of all filings by email in accordance with Rule 5. Dkt. No. 167 at 29-31. Plaintiff has not shown this ruling erroneous or contrary to law.

Accordingly, the Court **OVERRULES** Plaintiff's Objections regarding the Magistrate Judge's Orders granting Defendant's

7

motion to strike Plaintiff's motion for judgment on the pleadings, denying Plaintiff's motion for reconsideration, and denying Plaintiff's motion to strike based on Rule 5.

### III. Plaintiff's Motion for Order to Show Cause

Plaintiff filed a "Motion for Order to Show Cause." Dkt. No. 168. In this "Motion," Plaintiff makes the same arguments found in his Objections: the Eleventh Circuit directed judgment in Plaintiff's favor and Defendant "judicially admitted" to Plaintiff's allegations because Defendant did not file a timely Answer. Plaintiff asks the Court to order Defendant to show cause why judgment should not be granted in Plaintiff's favor. These arguments have no merit. Accordingly, the Court **DENIES** Plaintiff's Motion for Order to Show Cause.

### CONCLUSION

The Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections. The Court **DENIES** Plaintiff's Motion for Summary Judgment, **DENIES** Plaintiff's Motion to Grant Summary Judgment Based on Rule 56(e), **GRANTS** Defendant's Motion for Summary Judgment, construed as a Motion to Dismiss, **DISMISSES without prejudice** Plaintiff's Complaint, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES**

Plaintiff leave to proceed *in forma pauperis* on appeal.

Additionally, the Court **DENIES** Plaintiff's Motion to Show Cause.

**SO ORDERED**, this ___6___ day of ___March___, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

9